[S. F. No. 219.   Department One.—September 4, 1895.]
## JENNIE KOELLING, RESPONDENT, v. GEORGE A. RUTZ, APPELLANT.

APPEAL—FAILURE TO FILE TRANSCRIPT—DISMISSAL—DAMAGES FOR DELAY.
Where the respondent, upon a motion to dismiss an appeal for failure
of the appellant to file the transcript within the time prescribed by the
rules of the court, also asks to be allowed damages upon the ground
that the appeal was not taken in good faith, but was taken for the pur-
pose of hindering and delaying the respondent in the collection of the
judgment, and files an affidavit in support of the latter part of the motion
showing that the appeal was taken and the execution of the judgment
stayed for mere delay, and in order to induce the respondent to accept a
less sum than the amount of the judgment, which he refused to do, if
the statements in the affidavit are not controverted by the appellant,
and are corroborated by his failure to file the transcript, he must be
considered as admitting them, and the respondent is entitled to dam-
ages for delay upon the dismissal of the appeal.

MOTION to dismiss an appeal from a judgment of the
Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*John J. Roche,* and *Isador Danielwitz,* for Appellant.

*Otto Tum Suden,* for Respondent.

HARRISON, J.—A motion is made to dismiss the ap-
peal for failure to file the transcript within the time
prescribed by the rules of this court, and that the re-
spondent be allowed damages upon the ground that the
appeal is not taken in good faith, but for the purpose of
hindering and delaying the plaintiff in the collection
of the judgment.   In support of the latter part of the
motion the attorney for the respondent has filed an
affidavit stating that, after the rendition of the judg-
ment, and prior to the service of the notice of appeal,
one of the attorneys for the defendant proposed to him
that the plaintiff accept a less sum than that for which
judgment had been given, and informed him that, unless
such less sum was accepted in full payment, an appeal
would be taken, and the plaintiff delayed in the collec-

tion of the judgment for an indefinite period. To the suggestion that the time for presenting a bill of exceptions or a motion for a new trial had expired, and that the appeal must be upon the judgment-roll alone, which was free from error, the attorney replied that delay was all he wanted, and that the plaintiff had better take a smaller sum at once than the full sum after the disposal of an appeal and its attending labor and trouble; that the plaintiff ought to accept a less sum than the amount of the judgment, and avoid the delays that an appeal would bring, and that, for that reason, the appeal would be taken if a less sum was not accepted. The plaintiff's attorney declined to accept the proposition, and notified the defendant's attorney that, if the appeal were taken and not perfected, he should ask for damages against the appellant for delay. Thereafter the notice of appeal was taken, an undertaking given to stay execution, and the appellant, through his attorneys, renewed his proposition to press the appeal if the less amount were not accepted.

The statements in this affidavit are not controverted by the appellant, and are corroborated by his failure to file any transcript in this court. As they must, therefore, be taken as admissions by him that they are correct, the respondent is entitled to the damages asked. (*Duncan* v. *Grady*, 99 Cal. 552.)

The appeal is dismissed, and the respondent is allowed fifty dollars damages as a part of his costs on appeal.

GAROUTTE, J., and VAN FLEET, J., concurred.