Order, in so far as appealed from reversed, and verdict reinstated, with costs.

---

JENNIE M. CORCORAN, Respondent, *v.* MARY HOTALING and Others, Appellants, Impleaded with JENNIE M. CORCORAN, as Administratrix, etc., of JOSEPH R. CORCORAN, Deceased.

First Department, June 26, 1914.

Banks — deposit in name of husband and wife — evidence showing intention to create joint tenancy — Banking Law, section 144, construed.

Section 144 of the Banking Law, stating when deposits made in the names of more than one person create a joint tenancy, is not exclusive and depositors may create a joint tenancy by the use of other terms which create that legal relation. Thus depositors may create a joint tenancy without the use of the words "or the survivor of them" as used in said statute.

Evidence examined, and *held*, that two deposits, the one in the form "Joseph R. Cochran or wife, Jennie M.," and the other in the form "Jennie M. Cochran or husband, Joseph R.," both created a joint tenancy, entitling the survivor to take the entire fund, that being the intention of the parties.

APPEAL by the defendants, Mary Hotaling and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of March, 1914, upon the decision of the court rendered after a trial at the New York Special Term.

*Cornelius J. Earley,* for the appellants.

*Thomas W. Churchill [Ernest W. Marlow* with him on the brief], for the respondent.

Judgment affirmed, with costs, on the opinion of GREEN-BAUM, J., at Special Term.

Present — INGRAHAM, P. J., MCLAUGHLIN, SCOTT and DOWLING, JJ.

The following is the opinion delivered at Special Term:

GREENBAUM, J.:

The question to be decided in this case is whether certain deposits made in the Emigrant Industrial Savings Bank belong to the plaintiff or to the estate of her husband, Joseph R. Corcoran, who died intestate. Two accounts were opened with the bank on February 18, 1909, each with the sum of $2,505.48, as follows: One in the name of "Joseph R. Corcoran or wife, Jennie M.," and the other in the name of "Jennie M. Corcoran or husband, Joseph R." Defendants contend that the omission in the form of the accounts of the words "or the survivor of them" conclusively establishes that the persons named in the bank books were not joint tenants in respect of said deposits, in view of the amendment to the Banking Law enacted in 1907 (Laws of 1907, chap. 247, now Banking Law, § 144).* The amendment has the caption, "Deposits of minors, and trust deposits and deposits in the names of more than one person," and provides *inter alia* as follows: "When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit thereupon and any additions thereto made by either of such persons upon the making thereof shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named, and may be paid to either during the lifetime of both or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to said bank for all payments made on account of

* See Banking Law (Gen. Laws, chap, 37; Laws of 1892, chap. 689), § 114, as amd. by Laws of 1907, chap. 247; Banking Law (Consol. Laws, chap, 2; Laws of 1909, chap. 10), § 144; since revised by Banking Law (Consol. Laws, chap. 2; Laws of 1914, chap. 369), § 249, subd. 3.— [REP.

such deposit prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof." But it is nowhere provided in this section that the statutory form of words therein mentioned is exclusive, nor is any limitation or restriction placed upon the creation of such joint ownership by other legal means. To adopt the construction of the statute contended for by the defendant would be to read into it a meaning that cannot be found either in its letter or spirit and to nullify an otherwise valid agreement between two parties expressive of their intention that their ownership in a deposit is to be joint and to devolve upon the survivor of them. The form of the deposits in the case at bar is not one which on its face would necessarily imply a joint tenancy with its consequent absolute ownership in the survivor, and hence is clearly open to proof, the burden of which is upon the plaintiff, as to the nature of the ownership. An examination of the evidence is, therefore, necessary to determine whether the plaintiff has established by a preponderance of the evidence that the deposits in question were made with the intention of creating a joint tenancy therein between the plaintiff and her husband. The accounts were opened under the following circumstances: Under date of October 21, 1908, the deceased, Corcoran, wrote to the bank from Sydney, Australasia, where he was then engaged in business and living with his wife, stating that he was "desirous of sending my savings to N. Y. for safekeeping until I return. Will you kindly send me blanks for the opening of *two* accounts (one for myself and one for my wife). * * * Please send me full particulars and whether or not I can send over $1,000 at one time." The comptroller of the bank answered by letter dated November 24, 1908, stating, among other matters: "I would suggest that the new accounts be opened in the names of yourself and wife, viz., one in the name of 'Joseph R. Corcoran or wife' and the other '(wife's name) or hus.——' this would enable either one to draw, and in case of any unforeseen accident the survivor would be in absolute control of both accounts. We will accept any sum from $5 to $3,000 at once or in installments, as best suits your convenience. * * * If, however, you prefer to have the accounts in the individual name of each it will only

be necessary for you to sign one blank & your wife the same."
On January 19, 1909, the deceased, Corcoran, replied to the
bank as follows: "Yours of Nov. 24th, '08, in response to mine
was duly received. Herewith I am enclosing the necessary
papers for the opening of two accounts, one in the names of
'Joseph R. Corcoran or wife Jennie M. Corcoran' and one
in the names of 'Jennie M. Corcoran or husband Joseph
R. Corcoran.' Enclosed herewith I am sending a sight draft
No. 1285 of the Bank of Australasia drawn on the Cana-
dian Bank of Commerce, New York, and payable to your
order for the sum of £1,030-0-0 sterling, the proceeds of
which should amount to about $5,000. You will please divide
the proceeds into two equal parts and place one part to
credit of each account as mentioned above." It is thus
seen that the response by the bank to decedent's request for
"full particulars" explained to him how "in case of any
unforeseen accident the survivor would be in absolute con-
trol of both accounts" if he opened them in the manner
pointed out, and that if he preferred the accounts could be
opened in their individual names. The foregoing correspond-
ence and the inferences deducible therefrom establish a delib-
erate intention on the part of Mr. Corcoran that the moneys
were to be deposited in the joint ownership of himself and
wife and to belong upon the death of either to the survivor of
them. The oral proofs show that the plaintiff assisted in the
business of the company of which her husband was manager,
and for a period of two years attended daily at the office of
the company, having charge of the correspondence, addressing
letters, entering orders and making entries. It appears that
the business of the concern was almost entirely conducted by
correspondence. For all these services she never received any
compensation from the company. In *West* v. *McCullough*
(123 App. Div. 846; affd., 194 N. Y. 518) it was held that
where a deposit is made in the name of a husband and wife it
is presumed that the husband intended to benefit his wife to
the extent of conferring the right of ownership upon her. Giv-
ing special significance to the circumstances under which the
account was opened, and the fact that the plaintiff was the wife
of Joseph R. Corcoran and actively participated in his business

without compensation, the evidence convincingly establishes that it was the intention of the depositor or depositors of the accounts that the moneys should belong to them jointly and to the survivor of them. Judgment for the plaintiff.