[Civ. No. 2531. First Appellate District.—October 11, 1918.]

ULETTA ALLEN, Administratrix, etc., Appellant, v. FANNIE SMITH et al., Respondents.

GIFT—ASSIGNMENT—SAVINGS BANK ACCOUNTS.—An executed gift to a daughter, of a savings bank account, by a decedent in her lifetime was shown, where the donor, after executing two assignments of small amounts of the account to others, executed an assignment of all the balance to the daughter in question, to whom she delivered all the assignments, and some time thereafter delivered to a third person the key to a treasure box under her bed in which she kept the bank-book, and told her to hand it to the same daughter, and repeated the same statement to the daughter while in bed, telling the latter that, "all that box contains is yours."

APPEAL from a judgment of the Superior Court of Alameda County. W. M. Conley, Judge Presiding.

The facts are stated in the opinion of the court.

W. B. Rinehart, for Appellant.

Eugene W. Roland, for Respondent Fannie Smith.

STURTEVANT, J., *pro tem.*—The plaintiff, as administratrix of her mother's estate, brought this action against the defendants to recover certain moneys which she alleged to be the property of the estate. The defendants had judgment in the trial court and the plaintiff appealed and has brought up the record under section 953a of the Code of Civil Procedure. The defendant, Fannie Smith, claims title to the moneys under an alleged gift from the plaintiff's intestate. If this claim is sustained, the judgment should be affirmed. The defendant bank filed a disclaimer, and, for the

purpose of clarity, we will treat the subject as though Fannie Smith is the only defendant. The evidence shows that plaintiff's intestate was the mother of the plaintiff, of the defendant, and of a brother, Richard; that on March 4, 1914, she had a savings bank account in the Sacramento Bank; that on that date she executed an assignment of $25 of her bank account to Uletta, another assignment of $25 of her bank account to Richard, and another assignment of all of the balance to Fannie; on November 22, 1914, she delivered all of the assignments to the defendant and the defendant recorded them; shortly prior to May 4, 1915, the decedent had her bankbook in her treasure-box and the box was under her bed; at that time she delivered the key of the box to a niece, Mrs. Williams, and told her to hand it to Fannie Smith; this instruction was repeated to Fannie. On May 4, 1915, Fannie went to the bedside of her sick mother; and on the evening of that day, her mother told Fannie that the box was under her bed, that Mrs. Williams had the key and had been told to turn it over to Fannie, and at the same time the mother said, "All that box contains is yours." At this same time the defendant pulled the box out of its place, then shoved it back again, but remained in the same room with the box till the death of her mother. Mrs. Williams handed to the defendant the box and the key on the day after the death of the mother and the defendant has retained possession of the same. These facts do not bring this case within the doctrine of *Knight* v. *Tripp*, 121 Cal. 674, [54 Pac. 267], as contended by the plaintiff, but they do show an executed gift. (Civ. Code, secs. 1146–1150; *Francoeur* v. *Beatty*, 170 Cal. 740, [151 Pac. 123]; *Burkett* v. *Doty*, 176 Cal. 89, [167 Pac. 518].)

The judgment should be affirmed, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.