[Civ. No. 2521. First Appellate District.—November 15, 1918.]

ANNA M. WAGNER, Respondent, v. GOTTLIEB MEINZER, Appellant.

ADVERSE POSSESSION—STATUTE OF LIMITATIONS—HOSTILE POSSESSION —MISTAKE AS TO BOUNDARY.—If one of two coterminous owners takes possession and claims title to the extent of his possession, he holds adversely, although he was induced to locate his possession through a mistake as to the boundary.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

Carl W. Mueller, for Appellant.

Russell W. Cantrell, for Respondent.

LENNON, P. J.—This is an action in ejectment. The complaint is in the usual form, alleging ownership and right to possession of the land described in the complaint to be in plaintiff and the withholding without right by the defendant.

The land sought to be recovered consists of a portion of a lot about eight feet in width by one hundred feet in depth, located in the Barman tract in the city and county of San Francisco. The defendant is the owner of the lot immediately adjoining the land of plaintiff on the north, his dwelling-house abutting on the northerly line of plaintiff's land. Before this dwelling-house was erected defendant's predecessor in interest caused defendant's lot to be surveyed by the then city and county surveyor, and the house was erected within the lines delineated and marked by said surveyor, where it has continuously stood for the past twenty years. This litigation is the result of the mistaken boundary line established by said surveyor between these coterminous land owners.

Among other defenses, defendant pleaded the statute of limitations, claiming an acquiescence in the line so established and an actual possession of the land thereunder beyond a period sufficient to establish a title by adverse possession. Plaintiff concedes this fact, but contends that possession under such circumstances is not hostile or under a claim of title, and that the statute of limitations, therefore, avails him nothing.

We do not so understand the law. If one of two coterminous owners takes possession and claims title to the extent of his possession, he holds adversely, although he was induced to locate his possession through a mistake as to the boundary (*Woodward* v. *Faris*, 109 Cal. 12, [41 Pac. 781].) As is said in the recent case of *Silva* v. *Azevedo*, 178 Cal. 495, [173 Pac. 929[, where there is a continued acquiescence in a line so fixed,

and an occupation in accordance with it for a period beyond that fixed by the statute of limitations, and the erection by the defendant of valuable and permanent improvements upon the disputed piece, it would be a manifest injustice to permit defendant to be ousted merely because plaintiff has by a new survey discovered an error in the original establishment of the line.

Considering the conclusion we have reached, a discussion of the other points presented becomes unnecessary.

The judgment and order are reversed.

Sturtevant, J., *pro tem.*, and Beasly, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 14, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 13, 1919.

Angellotti, C. J., Sloss, J., Melvin, J., Lawlor, J., and Lennon, J., concurred.