[Civ. No. 3823.   First Appellate District, Division Two.—August 9, 1921.]

## ANNA M. WAGNER, Appellant, v. GOTTLIEB MEINZER, Respondent.

[1] APPEAL—LAW OF CASE—SECOND TRIAL—DECISION ON CONFLICTING EVIDENCE.—Where, on a new trial after reversal on appeal of the former judgment in favor of plaintiff, the only additional testimony introduced is that of one witness called by plaintiff in rebuttal, and that negative testimony only raises a conflict in the evidence which is resolved against the plaintiff by the trial court, on a second appeal the decision announced on the former appeal constitutes the law of the case.

[2] ADVERSE POSSESSION—ERRONEOUS SURVEY—POSSESSION OF OVERLAP — PAYMENT OF TAXES. — A division line, established by an erroneous survey, attaches itself to the deeds of the respective coterminous owners, and defines the lands described in each deed, so that the one in possession of the overlap holds title thereto by the same tenure as he holds the land technically embraced in the description, and the payment of the taxes on the land assessed according to such description is a payment of taxes on the land included in the overlap, for the purpose of establishing a title thereto by adverse possession.

[3] ID.—ERRORS IN PLEADING—AMENDMENT TO CONFORM TO PROOF—LACK OF PREJUDICE.—In an action in ejectment, errors in descriptions in the defendant's answer and cross-complaint, and other inaccuracies in stating the facts, developed without controversy by the evidence, do not justify a reversal of the judgment in favor of the defendant, where he would have been entitled to amend to conform to the proof, and such an amendment would not have taken the plaintiff by surprise, and it is apparent from an examination of the evidence that substantial justice has been done between the parties.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fabius T. Finch and Paul F. Fratessa for Appellant.

Carl W. Mueller for Respondent.

LANGDON, P. J.—This is an action in ejectment to recover possession of about seven feet ten inches of land on Nebraska Street, San Francisco, together with damages for its retention. The judgment was in favor of the defendant, from which the plaintiff appeals.

[1] This is the second trial of the action. Upon the first trial, judgment was in favor of plaintiff, defendant appealed and the judgment was reversed. The opinion of division one of this court upon the former appeal appears in volume 38 Cal. App. 670, [177 Pac. 293]. From the statement of facts in the opinion upon the former appeal it would seem that the facts shown are substantially the same upon both appeals. The additional testimony upon this appeal is stated by appellant to be the testimony of Jacob Corinson, called by plaintiff in rebuttal, but this negative testimony at best raises a conflict in the evidence which was resolved against the plaintiff by the trial court, and cannot be disturbed here.

It would, therefore, appear that there is no substantial difference in the record upon the two appeals which would change the rule of law announced by the court upon the former appeal.

[2] Appellant also urges that because the defendant paid taxes upon land assessed in the manner described in his deed, and not upon land assessed in accordance with the proper description of the land actually occupied by him, he has not complied with the statutory rule with reference to payment of taxes upon land held adversely. That contention is fully met by the case of *Price et al.* v. *De Reyes,* 161 Cal. 484, [119 Pac. 893], where it was held that as a division line, established as in the present case, attaches itself to the deeds of the respective coterminous owners, and defines the lands described in each deed, so that the one in possession of the overlap holds title thereto by the same tenure as he holds the lands technically embraced in the description, the payment of the taxes on the land assessed according to such description is a payment of taxes on the land included in the overlap, for the purpose of establishing a title thereto by adverse possession.

[3] The only other matter deserving attention is with reference to the pleadings. Counsel for appellant has most ably made the most of every possible technical argument on

this point. It is true the defendant in his answer and cross-complaint has opened the way to these objections by reason of certain errors in descriptions and other inaccuracies in stating the facts, as they were developed without controversy, by the evidence. However, there are two answers to appellant's objections: One is, that the defendant would have been entitled to amend to conform to the proof, and there is no claim that such an amendment would have taken the plaintiff by surprise; on the contrary, it is perfectly clear that all the facts proven are beyond dispute and were within the knowledge of both parties before the trial. Therefore, no prejudice was suffered by appellant on this account. The other answer to these objections is that the record presents essentially the type of case to which section 4½ of article VI of our constitution was intended to apply. It is apparent from the entire record that substantial justice has been done between the parties, except for the fact that the defendant has been done an injustice in being subjected to this needless second appeal upon a record substantially the same as the one previously passed upon in his favor by the appellate court and by the supreme court in its denial of a hearing of the case.

The decision of this case upon the former appeal is the law of this case, because the facts are substantially unchanged, the difference being that on the present appeal there is a conflict upon a question which on the former appeal was admitted, but that conflict was resolved by the trial court in favor of the defendant.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.