[Civ. No. 8132.  First Appellate District, Division One.—April 8, 1932.]

ALMA SPELLACY, as Administratrix, etc., Appellant, v. W. L. DAUTERMAN et al., Respondents.

Joseph F. O'Malley for Appellant.

Ford & Johnson and Fletcher A. Cutler for Respondents.

THE COURT.—The above action was brought by the administratrix of the estate of Mary E. Havens, deceased, to recover the sum of $2,399.69. The complaint contained three counts, the first two alleging in substance that on

January 16, 1928, the deceased had on deposit with the Hibernia Savings and Loan Society the said sum, and on that date signed and delivered an order on the bank to pay the same to defendant W. L. Dauterman, who acquired possession of the order and collected the above amount and paid the same to his wife, defendant Cathryn Dauterman; that there was no consideration for the order, and that the same was not accepted or paid by the bank until after the death of Mrs. Havens; further, that the latter, by reason of her bodily and mental condition, was incapable of knowing the effect of the transaction, and that defendants exercised undue influence over her in obtaining the order. The third count was for money had and received.

Defendants denied that Mrs. Havens was incompetent or incapable of understanding the nature of the transaction, or that undue influence was exercised to obtain the order. They alleged that preceding its execution defendant Cathryn Dauterman had rendered services to Mrs. Havens, and that in consideration thereof the order was executed to defendant W. L. Dauterman for the use and benefit of his wife.

No evidence in support of the allegations of incompetency or undue influence was adduced.

The court found that the order, together with her pass-book containing her account with the bank, were delivered by Mrs. Havens to Cathryn Dauterman with the intention of making a present gift to her of the amount on deposit and represented by the pass-book, namely, $2,399.69, and the judgment for defendants was entered accordingly.

Plaintiff, who has appealed therefrom, contends that the above finding was not within the issues and is unsupported; further, that notwithstanding the finding it appeared that Mrs. Havens died before the order was accepted or paid by the bank and that consequently the gift was revoked and the authority of W. L. Dauterman, to whom the order was made payable, was likewise terminated.

Cathryn Dauterman testified to the rendition of services for which the deceased had agreed to compensate her, further stating on cross-examination that the order and pass-book were handed to her in a sense "as a gift in consideration of the services I had rendered". Again, she testified that Mrs. Havens gave her the bank-book and told her "to keep it", later telling her that she wanted her to have it.

While it is true that the witness stated that the word "gift" was not used in any of the conversations with Mrs. Havens, and that the past services were the moving cause or consideration, nevertheless it may well have been that Mrs. Havens, in recognition of past acts of kindness which she had repeatedly acknowledged, and without regard to any obligation to pay therefor, intended to make a voluntary transfer of the deposit, and we cannot say that the court's conclusion that such was the case is wholly without support.

██ An objection that findings are not within the issues when the action was tried without objection to the sufficiency of the pleadings to raise such issues, and the findings are justified by the evidence, will not be considered on appeal. (*Horton* v. *Dominguez,* 68 Cal. 642 [10 Pac. 186]; *Moore* v. *Campbell,* 72 Cal. 251 [13 Pac. 689].) Moreover, to warrant a reversal in such cases appellant must show that the alleged error was prejudicial. (*Turner* v. *Stock,* 79 Cal. App. 662 [251 Pac. 814].)

In addition it may be said that the facts would have supported the conclusion that the giving of the order and the transfer of the pass-book were intended as a complete assignment of the whole deposit. (*Dunlap* v. *Commercial Nat. Bank,* 50 Cal. App. 476 [195 Pac. 688].)

██ As urged by appellant it is the rule that a check of itself does not operate as an assignment of any part of the fund to the credit of the drawer with the bank (Civ. Code, sec. 3265e), and that the drawee's authority to pay it is revoked by the drawer's death before payment or acceptance. (*Sneider* v. *Bank of Italy,* 184 Cal. 595 [12 A. L. R. 993, 194 Pac. 1021].) In the case at bar, however, the deposit was a savings account, and the order read as follows: "San Mateo, California, June 16, 1928.—The Hibernia Savings and Loan Society, San Francisco, Calif. Gentlemen: You are hereby directed to pay to W. L. Dauterman the balance due me on deposit in the name of Mary E. Havens in account No. 327/397. The passbook accompanies this authorization.—Yours truly, Mary E. Havens." In such cases there appears to be a well-settled difference in the effect of the death of the drawer of a check and that of the donor of a savings account. As stated in 28 Cor. Jur., Gifts, section 65, page 665, "A deposit in a savings bank may be the subject of a gift, and where the owner of such deposit, with

the intention of making a gift, delivers his deposit book containing entries of deposit in his name to the intended donee, with an order for the payment of the whole deposit, this constitutes a complete and valid gift thereof, although the book and order are not presented to the bank until after the donor's death.'' The same rule was followed in *Allen* v. *Smith,* 38 Cal. App. 409 [176 Pac. 365], *Dellepiane* v. *Hynes,* 83 Cal. App. 604 [257 Pac. 180], and *Donovan* v. *Hibernia Sav. & Loan Soc.,* 90 Cal. App. 489 [265 Pac. 995] ; and in *Dunlap* v. *Commercial Nat. Bank, supra,* it was held that a check given for a valuable consideration and intended as a complete assignment of the whole of a commercial deposit will be given that effect.

The facts show that Mrs. Havens intended a present transfer of the savings account to Mrs. Dauterman.

█ Nor is there any merit in the contention that W. L. Dauterman was decedent's agent in the transaction. According to the testimony the pass-book was delivered to Cathryn Dauterman, who requested that as a matter of convenience the order which was to accompany it should be made payable to her husband; and it was clearly the intention that in collecting the fund he should act for his wife and not for Mrs. Havens. (*In re Stockham,* 193 Iowa, 823 [22 A. L. R. 765, 186 N. W. 650].)

The conclusions of the trial court are fairly supported, and the record discloses nothing which would justify a reversal of the judgment.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 7, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1932.