[Sac. No. 4610.   In Bank.—December 30, 1932.]

BELLE SILVA, Appellant, v. GUSTINE CREAMERY (a Corporation) et al., Respondents.

L. C. Pistolesi and O. F. Meldon for Appellant.

Edward T. Taylor for Respondents.

CURTIS, J.—This action was brought to quiet plaintiff's title to certificate No. 39 for ten shares of the capital stock of the Gustine Creamery standing in the name of Silva & Fontes. Silva & Fontes was a copartnership consisting of M. N. Silva, M. J. Fontes, Jose M. Avila (respondent), John Brazil and Serino Alves. The copartnership was organized for the purpose of carrying on the creamery business, and thereafter engaged in said business. While so engaged the stock in question was purchased. The question involved in the present controversy is whether said stock was purchased by the copartnership or by the individual members of said copartnership. Plaintiff has succeeded to the interests of all the copartners in the partnership property. The trial court found that certificate of stock No. 39 was purchased with surplus funds of the copartnership and that it was not and never had been partnership property. It accordingly held that as the defendant Avila was a fourth owner in the partnership property he was entitled to a one-fourth interest in said certificate of stock. The trial court's opinion was brief, and is as follows:

"The burden is upon the plaintiff to prove that the stock in question is partnership property. And the court is of the opinion that the evidence, while not entirely satisfactory, preponderates in favor of the contention that the stock was never intended to be considered as a part of the partnership assets. Of course, it follows that the stock could not pass under any agreement such as that between Silva and Avila.

"It is the opinion of the court that the moneys taken out of the profits of the partnership by the direction of the partners themselves and used for the purpose of making the purchase of the stock in question was not necessarily partnership property after being thus converted into property which was not necessary or useful in the operation of the partnership business, in the absence of a specific agreement therefor.

"The subsequent manner of handling of this stock by the partners favors the position that they were not regard-

148

ing it as partnership assets. When we add to this the fact that equity and fairness is subserved by taking this view, the court should so hold.

"It follows from what is above stated that defendants are entitled to judgment, and counsel for defendants is directed to prepare findings."

█ Plaintiff has appealed from the judgment, and contends that there is no evidence to support the finding of the trial court that the stock in question was the property of the individual members of the copartnership and not the property of the copartnership. The evidence is extremely meager. It shows, however, that M. N. Silva was the manager of the copartnership and had active charge of all its business with authority to make purchases for and on behalf of the copartnership which were necessary to carry on said business. The stock in dispute was not purchased by M. N. Silva upon his general authority as manager of the company. We gather from the record that shortly after the Gustine Creamery was organized the proposal was made that either the copartnership or its members purchase stock therein. At this time there was a surplus in the funds of the copartnership, and a meeting of the members of the copartnership was called to consider the advisability of making a purchase of stock in the new company. M. N. Silva testified that the copartnership could not buy the stock unless the members said so. At the meeting called it was decided by the members to purchase the stock, and thereupon funds were drawn from the surplus in the treasury, and the stock was purchased with such funds. The actual purchase was made by the manager, M. N. Silva, who had the certificate issued in the name of the copartnership. The copartnership never made any use of the facilities of the Gustine Creamery in the transaction of the business of the copartnership. The stock was evidently purchased as an investment. The trial court, after listening to the evidence of the several witnesses, evidently drew the conclusion therefrom that the members of the copartnership, instead of dividing the surplus money in the treasury among themselves, concluded to invest the same in the purchase of the stock and that they acquired and held said stock as their individual property and not through their membership in the copartnership. We cannot say that such a conclusion was wholly unwarranted from the evidence.

The question was one for the determination of the trial court, and its determination thereof will not be disturbed on appeal.

■ If the inferences fairly deducible from the evidence are such that different conclusions might rationally be drawn therefrom by men equally sensible and impartial, the conclusion reached by the trial court should be deemed final and not disturbed on appeal for want of sufficient evidence to justify the findings. (*MacDermot* v. *Hayes*, 175 Cal. 95 [170 Pac. 616].) "In such case the decision of the trial court or the jury is as conclusive as where the conflict arises directly from the evidence. If a finding of fact is based upon a reasonable inference, it is not within the power of an appellate court to set it aside any more than it is within its power to set aside any other finding supported by sufficient legal evidence." (2 Cal. Jur., sec. 549, p. 934.)

■ In Avila's answer to the complaint it is alleged that he was the owner of an undivided one-fifth of said certificate of stock. The court found that said certificate of stock was purchased by the members of said copartnership and that the defendant, Avila, was the owner in common with other members of the copartnership of one-fourth of said stock. Appellant now contends that as there were five members of the copartnership the presumption is that they were all equal partners and that there is no evidence to rebut this presumption. In making this claim regarding the evidence the appellant is in error. The defendant testified that he was a one-fourth owner in the firm and in the written transfer of his interest in the copartnership to the appellant said interest is described as "an undivided one-fourth interest in that certain dairy business". There was ample evidence to support the finding of the court relative to Avila's ownership of the stock. ■ Appellant further contends that this finding is contrary to the allegations of the answer of Avila in which he alleged that he was the owner of one-fifth of said certificate of stock. In this appellant is correct. While this may be an error, in view of the evidence just noted, it is not such an error as will justify a reversal of the judgment on that ground. (*Turner* v. *Stock*, 79 Cal. App. 662 [251 Pac. 814]; *Wagner* v. *Meinzer*, 53 Cal. App. 783 [200 Pac. 838]; *Spellacy* v. *Dauterman*, 122 Cal. App. 416 [10 Pac. (2d) 114].) At the argument of this appeal the respondent Avila made application to amend

150

his answer to conform to the proof. From what we have said such an amendment is not necessary. Said application to amend will, therefore, be denied solely on that ground.

The judgment is affirmed.

Langdon, J., Tyler, J., *pro tem.*, Preston, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.