[Civ. No. 12173. First Dist., Div. Two. Aug. 11, 1942.]

MARIA A. WHITE, as Executrix, etc., Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Respondents.

Louis B. DeAvila and Frank S. Roderick for Appellant.

Skinner & Abbott, J. Adrian Palmquist and Adrian Thiel for Respondents.

DOOLING, J. pro tem.—This appeal by the executrix of the will of Adelina Soares, deceased, is taken from a decree quieting the title of the defendants, Torres, to a savings account in defendant bank.

On July 23, 1940, the decedent was confined to her bed by what proved to be a fatal illness. She summoned M. L. Reece, a teller of defendant bank, to her home and informed him that she wished to convert a savings account which she had in his bank into a joint tenancy account with her sister Maria Isabel Torres and her nephew David C. Torres. Reece prepared a joint account card to be signed by the three intended joint depositors, and the decedent gave this card to a neighbor, Mr. Peterson, and requested him to mail it to the Torres, who were residing in Massachusetts, for their signatures. The signed card was returned to Peterson by the Torres and received by him about July 30. At decedent's request Peterson delivered it to the bank bearing all three signatures. About August 7 or 8, decedent called in Peterson again and asked him to get in touch with Reece and find out why the transfer had not been completed; "she thought she might die before she had her signature put on there." Peterson telephoned Reece and on August 9, Reece again visited decedent. The decedent signed two withdrawal orders

(the second because her signature on the first was not distinct) and delivered the orders and her bank book to Reece for the purpose of transferring the money in her separate account into a joint account with the Torres. This was on Friday after banking hours. The bank was not again open for business until Monday morning, August 12. On Sunday, August 11, the decedent died before the bank book and withdrawal order had been taken to the bank by Reece. It was stipulated that Reece was not the agent of the bank.

It is appellant's position that Reece was decedent's agent for the purpose of having the account transferred into joint tenancy and that her death terminated his agency before the transfer was actually made. That decedent intended to transfer a joint tenancy interest in her account to the Torres by way of gift is plain from her entire course of conduct. The court found that prior to August 11, 1940, decedent did create a joint tenancy with the Torres in her account. Certainly before her death she had done everything within her physical power to complete the gift. She had procured and delivered to the bank the joint account card duly signed, and she had delivered to Reece her bank book and a withdrawal order with instructions to have the account transferred on the books of the bank to a joint tenancy account.

All that is necessary to a completed gift of personal property is a delivery, actual or symbolic, to the donee or to another for his benefit with the intent to vest title in the donee. Here decedent delivered her bank book, together with a withdrawal order, to Reece. The delivery of a bank book, with donative intent, has consistently been held sufficient to constitute a gift of a savings bank account, whether accompanied by a written order or not. (*Wilson* v. *Crocker First Nat. Bank,* 12 Cal. App. (2d) 627, 630 [55 P. (2d) 1208], and cases there cited; *Cahill* v. *Goecke,* 10 Cal. App. (2d) 279 [51 P. (2d) 905]) and the delivery may be as effectively made to a third person for the benefit of the donee as to the donee himself. (*Estate of Escolle,* 134 Cal. App. 473, 480 [25 P. (2d) 860], and cases there cited.) If the decedent when she delivered the bank book and withdrawal orders to Reece intended thereby to transfer to the Torres a joint tenancy interest in her account by way of gift under the authorities above cited the gift was accomplished at that time. When the clear intention of the donor to make a gift can be carried out without doing violence to the established principles

of law the courts should not seek highly technical reasons for defeating the gift.

It is suggested that under section 15a of the Bank Act (Deering's Gen. Laws, 1937, Act 652) a deposit in joint tenancy form must be completed in the bank to create a joint tenancy in the account, but there is no language in section 15a purporting to make compliance with its terms the exclusive method of creating a joint tenancy in a bank account.

Since the 1935 amendment to Civil Code, section 683, a joint tenancy may be created "by transfer from a sole owner to himself and others," and no good reason appears why the transfer so authorized may not be made by any recognized method for the transfer of personal property. At a time when a joint tenancy could only be created by conveyance from a third person to the joint tenants it was recognized that a joint tenancy in personal property could be created by oral transfer. (*Estate of Harris,* 169 Cal. 725 [147 Pac. 967]; *Young* v. *Young,* 126 Cal. App. 306 [14 P. (2d) 580]) and it is now well settled that a valid gift of personal property may be made, although the donor retains an interest therein. (*Gordon* v. *Barr,* 13 Cal. (2d) 596 [91 P. (2d) 101] and cases cited at p. 602.) The rules of the bank could not operate to prevent the transfer by way of gift. (*Donovan* v. *Hibernia Sav. & Loan Soc.,* 90 Cal. App. 489 [265 Pac. 995]; *Braun* v. *Brown,* 14 Cal. (2d) 346, 354 [94 P. (2d) 348, 127 A. L. R. 773]) and the transfer of a savings account is not subject to the rule governing checks drawn on commercial accounts which requires such checks to be presented to the bank before the maker's death. (*Spellacy* v. *Dauterman,* 122 Cal. App. 416, 419-420 [10 P. (2d) 114].)

The case of *Smith* v. *Bliss,* 44 Cal. App. (2d) 171 [112 P. (2d) 30], is relied on by appellant. In that case the decedent, Mrs. Coffin, had opened a joint tenancy account for herself and plaintiff. On an envelope containing the bank book evidencing this joint account the decedent wrote: "Make it joint tenancy 20,000" and signed her name. It was the plaintiff's claim that this created a trust to the extent of $20,000 in the undistributed estate of Mrs. Coffin's husband. The bare recital of these facts is sufficient to show the inappositeness of that case to the one before us on this appeal.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.