Joseph DeLORENZO et al., Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION, Defendant.

No. 66 Civil 956.

United States District Court
S. D. New York.

May 9, 1967.

Shea, Gallop, Climenko & Gould, New York City, for plaintiffs.

Goldstein, Judd & Gurfein, Wm. M. Moroney, Gen. Counsel, New York City, for defendant.

## OPINION

TENNEY, District Judge.

Defendant moves for reargument of a decision of this Court which denied a motion to dismiss the first three causes of action of plaintiffs' amended complaint, granted a motion to dismiss plaintiffs' fourth cause of action without prejudice to the institution of an action based upon such claim in the proper court, and reached no decision with respect to plaintiffs' fifth cause of action for attorney's fees. DeLorenzo v. Federal Deposit Ins. Corp., 259 F.Supp. 193 (S.D.N.Y.1966). Defendant contends that the Court erred in failing to dismiss plaintiffs' first three claims and that the fifth claim should be dismissed for failure to state a claim on which relief can be granted. Alterna-

tively, defendant seeks certification of an appeal pursuant to 28 U.S.C. § 1292 (1964).

The facts out of which this litigation arose have been fully set forth in this Court's prior memorandum opinion, supra, and need not be repeated herein.

### Plaintiffs' First Three Claims

The major argument presented by defendant on the original motion was that since this was a so-called "spurious" class action, plaintiffs could not aggregate their several claims to exceed ten thousand dollars ($10,000.00) exclusive of interest and costs as required by 28 U.S.C. § 1331(a). Indeed, this Court agreed with defendant's contention but nevertheless found that each individual plaintiff could aggregate *his own claims* to satisfy the jurisdictional amount. De-Lorenzo v. Federal Deposit Ins. Corp., supra, at 196, 197. Defendant has abandoned its earlier position and now takes issue with the determination that certain of the DeLorenzo accounts (and similarly those of the other plaintiffs) were held in the form of joint tenancies rather than as tenancies in common.

As was noted in the earlier memorandum opinion, four of the accounts were entitled:

#1351 — Joseph A. DeLorenzo
#1355 — Joseph A. DeLorenzo or Johnny DeLorenzo
#1356 — Joseph A. DeLorenzo or Lisa DeLorenzo
#1357 — Joseph A. DeLorenzo or Victoria DeLorenzo

Id. at 197.

Section 852 of the applicable California Financial Code provides:

Deposits in names of two or more persons. When a deposit is made in a bank in the names of two or more persons, whether minor or adult, in such form that the moneys in the account are payable to the survivor or survivors then such deposit and all additions thereto shall be the property of such persons as joint tenants.

■ This section was patterned after Section 239(3) of the N.Y. Banking Law, McKinney's Consol.Laws, c. 2 (now incorporated in § 675 of said Law). Paterson v. Comastri, 39 Cal.2d 66, 244 P.2d 902 (1952). Defendant apparently concedes that had joint tenancies been created, then each plaintiff could properly aggregate his own claims to satisfy the jurisdictional amount, but that under the California statute and the California and New York case law, plaintiffs' accounts, failing to mention a right

of survivorship, cannot properly be considered joint tenancies under any set of circumstances.

While I agree with defendant's contention that plaintiffs' accounts do not comply with the statutory requirement,[1] it appears that compliance with § 852 is not the only way to create a joint tenancy bank account. In Crocker-Anglo Nat'l Bank v. American Trust Co., 170 Cal.App.2d 289, 338 P.2d 617 (Dist.Ct. App.1959) (account entitled "A. J. Guidotti or Mrs. A. J. Guidotti"), the Court found that statutory compliance requires a statement of survivorship. However, the thrust of the decision is that the purpose of the statute was to create a presumption in favor of joint tenancy where the proper language was used. But this does not mean that failure to comply with the statute would bar the creation of a joint tenancy; it would merely make proof thereof more difficult since the party alleging the existence of a joint tenancy could not rely on the statutory presumption. The necessary implication of the Crocker-Anglo decision is that since the burden of establishing a joint tenancy is on the person alleging its creation (id. at 299, 388 P.2d at 624), plaintiff was barred from utilizing the statutory presumption since the necessary language was not used, but could have established the existence of such joint tenancy by independent means. Moreover, one California decision, although distinguishable on its facts, stands for the proposition that compliance with the California statute is not the only method of creating a joint tenancy in a bank account. White v. Bank of America Nat'l Trust & Savings Ass'n, 53 Cal.App.2d 831, 128 P.2d 600 (1942).

■ The New York decisions have been far clearer. In Corcoran v. Hotaling, 164 App.Div. 75, 148 N.Y.S. 302 (1st Dep't 1914) (per curiam), two accounts had been opened entitled "Joseph R. Corcoran or wife, Jennie M." and "Jennie M. Corcoran or husband, Joseph R.". The Appellate Division affirmed the New York County Supreme Court which had determined that the accounts were in joint tenancy with right of survivorship. The Court adopted the opinion below which stated: "[I]t is nowhere provided in this section [of the N.Y. Banking Law] that the statutory form of words therein mentioned is exclusive, nor is any limitation or restriction placed upon the creation of such joint ownership by other legal means." Id. at 77, 148 N.Y.S. at 303; see Matter of Fenelon's Estate, 262 N.Y. 57, 186 N.E. 201, rev'd on reargument on other grounds, 262 N.Y. 308, 186 N.E. 794 (1933); Matter of Rider's Estate, 16 A.D.2d 1014, 229 N.Y.S.2d 233 (3d Dep't 1962) (mem.); Matter of Olin's Estate, 19 Misc.2d 55, 194 N.Y.S.2d 690 (Surr. Ct.1959). Defendant cites In re Orrico's Estate, 52 N.Y.S.2d 818 (Surr.Ct.1945) for the proposition that New York courts require strict compliance with the statute to create a joint tenancy. But even *Orrico* holds that "Joint deposits not in the form provided by * * * the Banking Law are still presumed to have been made for convenience only and *in the absence of proof rebutting that presumption* no title or ownership vests in the survivor." Id. at 819. (Emphasis added.) It would thus appear that the purpose of the New York statute (upon which the California law is based) is only to ease the burden of proving the creation of a joint bank account and is not the exclusive method of creating such an account.

The Missouri courts, in interpreting a statutory provision similar to those of California and New York (Mo.Rev.Stat. § 362.470 (1959) V.A.M.S.) have reached the same results indicated supra. See Ison v. Ison, 410 S.W.2d 65, 69–70 (Mo.1967); Jenkins v. Meyer, 380 S. W.2d 315 (Mo.1964).

[3] Accordingly, a question of fact exists as to whether plaintiffs can show that their accounts are held in joint ten-

---

1. DeLorenzo apparently attempted to open the accounts in the statutory form and it seems that the error in failing to comply with the statutory provision was made by the scrivener.

ancy. Although proof of such an issue is most difficult, the question should not be decided on a motion to dismiss since it does not appear from the face of the pleadings to a legal certainty that plaintiffs cannot prove such type of account and are thus barred from recovering the jurisdictional amount. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Joseph E. Bennett Co. v. Trio Indus., Inc., 306 F.2d 546 (1st Cir. 1962). Nothing in this Court's original memorandum opinion was intended as a finding of fact that a joint tenancy existed in the accounts; merely that if plaintiffs could prove such allegations then monetary jurisdiction would be proper in this Court.

■ Since it appears from defendant's memorandum that it was principally concerned with this Court's characterization of the DeLorenzo accounts as joint accounts and such characterization has been explained, I conclude that no certification of this matter for immediate appellate review pursuant to 28 U.S.C. § 1292(b) is necessary. For the reasons set forth herein and for the reasons previously set forth in this Court's prior memorandum opinion, the denial of defendant's motion to dismiss the first three causes of action of plaintiffs' amended complaint is adhered to. No decision is reached herein as to whether the DeLorenzo trust accounts can be aggregated to fulfill the jurisdictional requisites.

### Plaintiffs' Fifth Claim

■ With respect to this portion of defendant's motion, before any discussion of the claim can be had, a threshold question must be answered; to wit, whether this Court has authority to decide the issue. The peculiar events concerning this portion of defendant's motion are as follows: Defendant's motion papers were drawn up on May 27, 1966, filed on June 1, 1966, and originally returnable June 7, 1966; however, the oral argument of the motion was adjourned to June 14, 1966. The relief sought on the motion was the dismissal of the complaint on the ground that the Court lacked jurisdiction in that the amount in controversy did not exceed ten thousand dollars ($10,000.00) exclusive of interest and costs "and for such other and further relief as to this Court may seem just and proper." On June 2, 1966, and after defendant's motion papers and memorandum of law had been filed, plaintiffs filed an amended complaint adding two new claims for relief, one of which is the claim in issue herein.[2]

Although the Courts have usually interpreted Rule 7(b) of the Federal Rules of Civil Procedure strictly, refusing to recognize requests for relief not specified in the moving papers,[3] such rigid adherence to form is not necessary herein in light of the peculiar circumstances of the case, the notice afforded plaintiffs in defendant's reply memorandum, and the fact that plaintiffs answered defendant's argument in their reply memorandum so that no prejudice is shown. It would be poor administrative procedure to deny the motion in this case on the ground that it failed to comply with Rule 7(b). The merits of the fifth claim have been thoroughly briefed by the parties and any denial without prejudice to amendment of the motion papers would place an undue burden on this Court and on the parties involved. Accordingly, defendant's motion papers will be deemed amended for the purpose of the original motion and the issue will be reached here-

---

2. Pg. 9. The fourth claim for relief was dismissed without prejudice to the commencement of an action based on such a claim in the proper court. DeLorenzo v. Federal Deposit Ins. Corp., 259 F. Supp. 193, 198 (S.D.N.Y.1966). It would seem that plaintiffs' argument with respect to a consideration of the fifth claim would be equally applicable to the fourth.

3. Pg. 9. United States v. Krasnov, 143 F.Supp. 184, 195–196 (E.D.Pa.1956); McNichols v. Lennox Furnace Co., 7 F. R.D. 40 (N.D.N.Y.1947); Sachs v. Ohio Nat'l Life Ins. Co., 2 F.R.D. 348 (N.D.Ill.1942); Steingut v. National City Bank, 36 F.Supp. 486 (E.D.N.Y.1941); 2A Moore, Federal Practice ¶ 7.05, at 1542–43 (2d ed. 1966).

in. See Carter v. American Bus Lines, Inc., 22 F.R.D. 323, 325–326 (D.Neb. 1958); 2A Moore, Federal Practice ¶ 7.05, at 1546 (2d ed. 1966).

■ Plaintiffs' fifth claim for relief is based upon § 59–a(4) of the N.Y. Insurance Law, McKinney's Consol.Laws, c. 28, which provides in relevant part:

> In any action against an unauthorized foreign or alien insurer upon a contract of insurance issued or delivered in this state to a resident thereof or to a corporation authorized to do business therein, if the insurer has failed for thirty days after demand prior to the commencement of the action to make payment in accordance with the terms of the contract, and it appears to the court that such refusal was vexatious and without reasonable cause, the court may allow to the plaintiff a reasonable attorney's fee and include such fee in any judgment that may be rendered in such action. Such fee shall not exceed twelve and one-half per cent of the amount which the court finds the plaintiff is entitled to recover against the insurer * * *.

Plaintiffs argue that the defendant falls within the definition of "an unauthorized foreign or alien insurer." Defendant correctly contends that it is not an unauthorized corporation since it is specifically authorized by 12 U.S.C. § 1814 to insure all national banks. It would also appear that defendant would not come within the definition of a "foreign or alien insurer" under § 4(3), (18) of the N.Y. Insurance Law.[4] Moreover, the legislative intent in enacting § 59–a is set forth in great detail in subdivision one of that section, which states:

> The purpose of this section is to subject certain insurers to the jurisdiction of the courts of this state in suits by or on behalf of insureds or beneficiaries under certain insurance contracts. The legislature declares that it is a subject of concern that many residents of this state hold policies of insurance issued or delivered in this state by insurers while not authorized to do business in this state, *thus presenting to such residents the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies.* In furtherance of such state interest, the legislature herein provides a method of substituted service of process upon *such insurers* and declares that in so doing it exercises its power to protect its residents and to define, for the purpose of this section, what constitutes doing business in this state, and also exercises powers and privileges available to the state by virtue of public law number fifteen, seventy-ninth congress of the United States, chapter twenty, first session, senate number three hundred forty, as amended, which declares that the business of insurance and every person engaged therein shall be subject to the laws of the several states.

(Emphasis added.) Under 12 U.S.C. § 1819, defendant may be sued in this state and is required to appoint an agent for service of process in every state in which an insured bank is located. Accordingly, it is most clear that § 59–a was not intended to subject defendant to the relief sought by plaintiffs.

Furthermore, the Court would find it exceedingly difficult to find defendant's refusal to make payment as "vexatious and without reasonable cause" in view of the findings made with respect to the first three claims for relief that a question of fact exists as to plaintiffs' status

4. § 4(3) of the N.Y.Ins.Law defines an "alien insurer" as "any insurer incorporated or organized under the laws of any foreign nation, or of any province or territory not included under the definition of foreign insurer."

In § 4(18) of said statute, a "foreign insurer" is defined as "any insurer incorporated or organized under the laws of any state, as herein defined, other than this state."

§ 4(31) defines "state" as "any state of the United States, the commonwealth of Puerto Rico and the District of Columbia."

which would affect the amount in controversy and the total amount which could be recovered by the several plaintiffs.

Accordingly, defendant's motion to dismiss plaintiffs' fifth claim for relief is granted on the law and on the merits.

### Conclusions

Defendant's motion for reargument is granted and upon reargument the Court's decision with respect to plaintiffs' first three claims is adhered to and defendant's motion to dismiss these claims is denied. The Court declines to certify this matter as proper for an immediate appeal pursuant to 28 U.S.C. § 1292(b). Plaintiffs' fifth claim for relief is dismissed.

So ordered.