**ANICOLA et ux. v. J. C. PENNY CO., Inc.**

No. 11140.

United States District Court
E. D. Pennsylvania.

July 9, 1951.

Jos. Sternberger, Philadelphia, Pa., for plaintiff.

J. B. H. Carter, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Plaintiffs are husband and wife. The wife-plaintiff alleges injuries caused by defendant's negligence, claiming the sum of $3,000 as damages, and the husband-plaintiff claims damages in the amount of $1,500 for loss of consortium. The defendant moves to dismiss on the ground of the lack of the necessary jurisdictional amount.

Under Rule 2228(a) of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, which virtually repromulgated the provi-

912

sions of the former Act of May 8, 1895, P.L. 54, 12 P.S. § 1621, it is provided that "If an injury, not resulting in death, is inflicted upon the person of a wife, and causes of action therefor accrue to the wife and also to her husband, they shall be enforced in one action brought by the husband and the wife." Consequently, plaintiffs contend, the $3,000 claimed by the wife must be added to the $1,500 claimed by the husband, to constitute the jurisdictional amount in excess of $3,000, exclusive of interest and costs, as required by the Judicial Code, 28 U.S.C.A. § 1332.

But the cited Rule is purely procedural. Its purpose is to avoid inconvenience and multiplicity of actions. Accordingly, while the claims of the husband and wife are brought in one action, their rights of action are not merged. Fisher v. Diehl, 156 Pa.Super. 476, 40 A.2d 912. And where several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and those amounts cannot be added together to satisfy jurisdictional requirements. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.

The action of the husband-plaintiff, therefore, claiming $1,500, must be dismissed. The action of the wife-plaintiff, claiming $3,000, is likewise defective for lack of the necessary jurisdictional amount. However, alleging a claim for $3,000, instead of alleging a claim in excess of $3,000 by the merest amount, must be taken as an oversight, especially in view of the fact that the allegations of injury could support the latter claim. The Judicial Code, 28 U.S. C.A. § 1653, provides that "Defective allegations of jurisdiction may be amended * * *." Accordingly the wife-plaintiff will be permitted to amend her complaint in order to set forth the requisite jurisdictional amount.

It further appears that diversity of citizenship is not properly pleaded, in that the citizenship of the parties is not affirmatively stated. An amendment will likewise be permitted to cure this defect.