Art JOHNSTON and Veda Johnston, husband and wife, Plaintiffs,

v.

OREGON ELECTRIC RAILWAY COMPANY, a corporation, Union Tank Car Company, a corporation, and Standard Oil Company of California, a corporation, Defendants.

Civ. No. 8779.

United States District Court
D. Oregon.

Oct. 4, 1956.

Barzee, Leedy & Erwin, Herman L. Lind, Jr., Portland, Or., for plaintiff.

Koerner, Young, McColloch & Dezendorf, Portland, Or., for defendant Standard Oil Co. of California.

Hart, Spencer, McCulloch, Rockwood & Davies, Cleveland C. Cory, Portland, Or., for defendant Oregon Electric Railway Co.

EAST, District Judge.

This matter came on for hearing upon the following matters:

1. The plaintiffs' motion for order under Rule 21, Fed.Rules Civ.Proc. 28 U.S.C.A. to drop defendant, Oregon Electric Railway Company as a party-defendant;

2. Defendant, Oregon Electric Railway Company's motion for an order dismissing the above entitled action on the ground that the Court lacks jurisdiction on the ground that diversity of citizenship between the plaintiffs and the defendant is not present in this action; and

3. Defendant, Standard Oil Company of California's motion for an order dismissing the above entitled action on the same grounds urged by the defendant, Oregon Electric Railway Company.

The Court having heard the statements of counsel and read their respective briefs in the matter, and now being fully advised, makes this determination.

It appears from all the papers and files in the matter that the plaintiffs are both residents of the State of Oregon. That

the defendant, Oregon Electric Railway Company is a corporation duly organized and existing under the laws of the State of Oregon and a "citizen" of the State of Oregon. That the remaining corporate defendants are foreign corporations to Oregon and are citizens of other states than Oregon.

The plaintiffs contend first that the defendant, Oregon Electric Railway Company is not an "indispensable party" and that, therefore, the Court should in its discretion allow them to drop as a party-defendant herein, said defendant. It appears that under the theory of plaintiffs' complaint all three of the corporate defendants are joint tort-feasors and, paraphrasing the language of District Judge Campbell, in McGrier v. P. Ballantine & Sons, D.C., 44 F.Supp. at pages 762, 763, the affirmative allegations of the complaint show that this court does not have jurisdiction of this action because while there is a diversity of citizenship between the plaintiffs and the defendants, Union Tank Car Company, a corporation, and Standard Oil Company of California, a corporation, there is no diversity of citizenship between the plaintiffs and the defendant, Oregon Electric Railway Company, a corporation, but on the contrary the plaintiffs and said last named defendant are residents of the State of Oregon. And, further, in the language of Judge Campbell—"The joinder of the defendants was the act of plaintiff, and binding on him, and the Court is without jurisdiction." (Citing authorities.)

█ Furthermore, the dismissal of plaintiffs' cause against the defendant, Oregon Electric Railway Company would not aid the plaintiffs in establishing jurisdiction in this Court. The Ninth Circuit Court of Appeals has adopted the rule that the District Courts' jurisdiction will not be defeated by later changes or developments in the suit such as changes of citizenship or in parties, and, as a corollary of the rule, it must follow that a District Court cannot be given jurisdiction by subsequent change of parties. See Southern Pacific Co. v. Haight,

9 Cir., 126 F.2d 900. Barron & Holtzoff Federal Practice and Procedure, Vol. 1, Page 57, Note 92.

█ It is concluded from the very language of the plaintiffs' complaint that the three corporate defendants are joint tort-feasors and while the plaintiffs could have elected which one of them they desired to name as defendant, nevertheless under the present theory of plaintiffs' complaint the three named defendants are indispensable parties to plaintiffs' cause of action as stated and designated.

Therefore, under the doctrine of McGrier v. P. Ballantine & Sons, supra, the motions of the defendant, Oregon Electric Railway Company, a corporation, and the defendant, Standard Oil Company of California, a corporation, should be sustained, and the plaintiffs' motion aforesaid should be denied.

Counsel for the defendant, Oregon Electric Railway Company, and the defendant, Standard Oil Company of California, are requested to confer and submit to the Court appropriate order in conformity herewith.