Opal May **ALBERTY**, Appellant,

v.

**WESTERN SURETY COMPANY**, a corporation, Appellee.

No. 5640.

United States Court of Appeals
Tenth Circuit.

Nov. 7, 1957.

W. R. Wallace, Jr., Oklahoma City, Okl. (Rex Perkins, Fayetteville, Ark., Earl Youree, Wagner, Okl., Looney, Watts, Looney & Nichols, Anna B. Otter, Oklahoma City, Okl., were with him on the brief), for appellant.

Richard D. Hall, Denver, Colo. (Yegge, Bates, Hall & Shulenburg, Denver, Colo., and Bliss & Bliss, Tahlequah, Okl., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

Opal May Alberty, acting for herself and her two minor children, instituted this action in the United States Court for Eastern Oklahoma against Western Surety Company to recover judgment upon two official bonds of the sheriff of Adair County, Oklahoma, each in the sum of $2,000. Jurisdiction was predicated upon diversity of citizenship with the requisite amount in controversy. It was alleged in the amended complaint that Chester Crittenden was sheriff of the county; that the defendant was surety on the two official bonds; that on or about July 4, 1956, the sheriff, in the course of his official duties but without just cause and with the use of excessive force, arrested Bob Alberty, husband of plaintiff and father of her minor children, and placed him in jail; that later, the sheriff, still acting in the course of his official duties and with the use of excessive force, shot and killed Bob Alberty; and that plaintiff and her two minor children thereby suffered damages. Copies of the two bonds were attached to the pleadings; and judgment was prayed in the sum of $4,000, with interest thereon from July 4, 1956. The court dismissed the action upon the stated ground that the total of the two bonds could not be aggregated in determining the requirements for federal court jurisdiction An appeal seasonably perfected brings the judgment of dismissal here for review.

■ In a diversity of citizenship case, separate and distinct claims of two or more claimants, each for less than $3,000, with no community of interest or title in the right asserted, may not be aggregated or combined in order to confer federal jurisdiction of the cause of action. Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L. Ed. 871; Aetna Insurance Co. v. Chicago, Rock Island & Pacific Railroad Co., 10 Cir., 229 F.2d 584; Century Insurance Co. v. Mooney, 10 Cir., 241 F.2d 910. But where a single plaintiff has multiple claims against a single defendant or against two or more defendants jointly, and the claims are of such character that they may properly be joined in one suit, the aggregate amount thereof is for the purpose of federal jurisdiction the amount in controversy. Edwards v. Bates County, 163 U.S. 269, 16 S.Ct. 967, 41 L.Ed. 155; Kimel v. Missouri State Life Insurance Co., 10 Cir., 71 F.2d 921; Provident Mutual Insurance Company of Philadelphia v. Parsons, 4 Cir., 70 F.2d 863, certiorari denied 293 U.S. 532, 55 S.Ct. 95, 79 L.Ed. 678; Simecek v. United States National Bank of Omaha, Neb., 8 Cir., 91 F.2d 214.

■ Plaintiff had two claims against the defendant. One was predicated upon the first bond and the other upon the second. Each claim was for the face amount of the bond, $2,000. The two claims were of such character that they could properly be joined in one action, and they aggregated more than $3,000, exclusive of interest and costs. And in respect to amount, that was sufficient to clothe the court with jurisdiction of the cause of action pleaded.

■ Endeavoring to sustain the judgment of dismissal upon a different ground from that given by the trial court, appellee urges in substance that the amended complaint was fatally infirm for failure to allege that the amount in controversy exceeded $3,000. The amended complaint did not allege categorically in conventional language that more than $3,000, exclusive of interest and costs, was in controversy between the parties. But it did allege that the amount sued for was $4,000. It further

alleged the giving of the two official bonds, each in the sum of $2,000 with the appellee as surety thereon. It further alleged the wrongful killing of the husband of plaintiff. It further alleged that damages in the sum of $76,400 had been suffered as the result of such wrong. And the prayer was to recover judgment in the sum of $4,000, with interest. Viewing the pleading as a whole, it clearly pleaded a cause of action which exceeded $3,000 in sum or value, exclusive of interests and costs.

■ Further endeavoring to sustain the judgment of dismissal upon a different ground from that upon which the court rested it, appellee urges in effect that the amended complaint failed to allege facts constituting liability upon the first bond and therefore only $2,000 was in controversy. Specifically, it is urged that the pleading failed to allege that such bond was in force and effect at the time the husband of appellee was killed, and failed to allege facts from which it could be determined as a matter of law that such bond was in force and effect at that time. It was alleged in the amended complaint that the bond was dated November 3, 1954; that it was in force and effect on July 3 and 4, 1954; and that the husband or appellant was killed on or about July 4, 1956. It was not alleged that the bond was in force and effect on July 3 and 4, 1956. But the allegation that the bond was in force and effect on July 3 and 4, 1954, rather than 1956, was plainly a mere inadvertence. There is no area for doubt that the appellee intended to allege that the bond was in force in 1956, at the time of the death of her husband. And the final dismissal of the action should not be sustained upon an inadvertence of that kind which was purely technical and may be corrected by amendment after the cause has been remanded.

■ And in a final effort to sustain the judgment of dismissal upon still another ground completely different from that stated in such judgment, appellee urges that the amended complaint failed to allege facts showing a matter in controversy exceeding in amount $3,000 for the reason that the condition of the obligation in the first bond was that the principal therein had been elected sheriff for the term of two years and two months, "commending on the 3rd day of November, 19%$." The contention is without merit. It requires no strain to reach the unerring conclusion that the intention was to recite the commencing day of the term of office to be November 3, 1954, and that the error was a typographical one arising from the fact that the typewriter was in the upper case rather than the lower when the particular keys were struck.

The judgment is reversed and the cause is remanded.