Samuel G. COOPER, Assignee of Lawrence G. Nusbaum, and Blanche Nusbaum, by Samuel G. Cooper, her Guardian ad Litem, Plaintiffs,

v.

CAMP PINECREST, INC., Defendant.

Civ. No. 19822.

United States District Court
E. D. New York.

July 24, 1959.

Hampton & Dietel, New York City, by August C. Nimphius, Jr., New York City, for defendant, for the motion.

Cohen, Jaffin & Nusbaum, by Lawrence G. Nusbaum, Jr., New York City, N. Y., for plaintiffs, in opposition.

RAYFIEL, District Judge.

The defendant herein moves to dismiss the first cause of action pleaded in the complaint on the ground that "less than $3,000 is in controversy" and to *dismiss* the second, third and fourth causes of action on the ground of *forum non conveniens*.

The first cause of action alleges a claim for a refund of $552.68 paid by the plaintiff's assignor, Lawrence G. Nusbaum, to the defendant as a camp fee for his daughter Blanche, who was dismissed

from the camp, as well as a demand for reimbursement of the sum of $200 expended by him for camp clothes and insignia. The total amount of the claim asserted in the first cause of action is $752.68. The second, third and fourth causes of action demand judgment in the amounts of $100,000, $250,000 and $250,000 respectively.

■■ Section 1332 of Title 28 U.S.C. was amended on July 25, 1958, to increase the minimum jurisdictional requirements in diversity suits to $10,000 rather than the $3,000 referred to by the defendant in its notice of motion. However, it is well settled that the jurisdictional requirement is met by the joinder of multiple claims against a defendant the aggregate amount of which exceeds the said minimum requirement. The rule was summarized by Chief Judge Bratton in the case of Alberty v. Western Surety Co., 10 Cir., 249 F.2d 537, at page 538, when he said: "[1, 2] In a diversity of citizenship case, separate and distinct claims of two or more claimants, each for less than $3,000, with no community of interest or title in the right asserted, may not be aggregated or combined in order to confer federal jurisdiction of the cause of action. Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Aetna Insurance Co. v. Chicago Rock Island & Pacific Railroad Co., 10 Cir., 229 F.2d 584; Century Insurance Co. v. Mooney, 10 Cir., 241 F.2d 910. But where a single plaintiff has multiple claims against a single defendant or against two or more defendants jointly, and the claims are of such character that they may properly be joined in one suit, the aggregate amount thereof is for the purpose of federal jurisdiction the amount in controversy. Edwards v. Bates County, 163 U.S. 269, 16 S.Ct. 967, 41 L.Ed. 155; Kimel v. Missouri State Life Insurance Co., 10 Cir. 71 F.2d 921; Provident Mutual Insurance Company of Philadelphia v. Parsons, 4 Cir., 70 F.2d 863, certiorari denied 293 U.S. 582, 55 S.Ct. 95, 79 L.Ed. 678; Simecek v. United States National Bank of Omaha, Neb., 8 Cir., 91 F.2d 214."

In the case at bar there is a joinder of causes of action aggregating over $600,000, so that the jurisdictional requirement has been met. That part of the motion is, therefore, denied.

■■ I come now to the part of the motion which involves the doctrine of *forum non conveniens*. Section 1404(a) of Title 28, United States Code, which was amended on June 25, 1948, provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may *transfer* any civil action to any other district * * * where it might have been brought." (Emphasis supplied.) This section provides, not for the *dismissal* of a cause where the convenience of parties and witnesses would be served by its trial in another district, as the section provided prior to its amendment, but for the *transfer* thereof to the more convenient place. However, the doctrine that the plaintiffs' choice of forum should rarely be disturbed has been universally recognized by our Courts. In the case of Gulf Oil Corp. v. Gilbert, 330 U.S. 501, at page 508, 67 S.Ct. 839, at page 843, 91 L.Ed. 1055, cited by the defendant in its brief, Mr. Justice Jackson writing for the majority of the Court, said,

"Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses.

"If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of

view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harrass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. *But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."* (Emphasis supplied.)

Applying those principles to the case at bar we find that although the defendant operates its camp in Naples, Maine, its *Camp Director*, Amos Kaplan, lists his address on the "Application for Enrollment" as 201 West 85th Street, New York City. His name and telephone number, Susquehanna 7–2550, are listed in the Manhattan telephone directory at that address. He alleges in his answering affidavit, submitted in support of this motion, that "I am a resident of the State of Maine, residing at Naples, Maine". There is no adequate explanation of the apparent conflict as to his residence. I believe there is a basis for assuming that he spends his *summers* at the camp in Maine, where he is the Director, but that his *residence* is in New York. Mr. Kaplan's affidavit enumerates other possible witnesses, including the other two Camp Directors, Mrs. Sally A. Tabenken, a resident of the State of Maine and Harold J. Moffie, a resident of Brookline, Massachusetts. The affidavit does not state the nature, character or materiality of the testimony they are expected to offer.

On the other hand, it appears that the infant plaintiff, Blanche Nusbaum, spends approximately ten months of the year in New York, that her father has substantial business interests here, although he resides in Florida, and that the plaintiffs' witnesses would be subject to inconvenience if this action were to be transferred to the District Court for the State of Maine.

There is no evidence that the plaintiffs have chosen this forum to "vex", "harass" or "oppress" the defendant, a corporation doing business in this State. The defendant has failed to meet its burden of showing that the balance is so strongly in its favor that the plaintiffs' choice of forum should be disturbed.

The motion is in all respects denied.

Settle order on notice.