**Adele SOBEL and Leonard Sobel**
v.
**NATIONAL FRUIT PRODUCT CO., Inc.**
Civ. A. No. 26860.

United States District Court
E. D. Pennsylvania.
Nov. 9, 1962.

Harvey B. Levin, Bernstein & Bernstein, Philadelphia, Pa., for plaintiffs.

Joseph Head, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This automobile accident case is an action for injuries to the above wife plaintiff, Adele Sobel. Joined in this action was Leonard Sobel's claim for alleged damages of $10,000. resulting from his wife's injury not resulting in death. At the trial, nothing was adduced to equal or surpass this amount of damages and the jury awarded him $1,392.13.[1]

The report of the pre-trial conference of March 19, 1962 (Document No. 14), contains the following language in paragraph 10:

> "Question may arise as to lack of jurisdiction over claim of husband-P which probably will not attain the amount required for jurisdiction. P's counsel contends claims of husband-P can be combined because claim of husband-P is derivative. Was ordered to furnish Pre-Trial Judge with memorandum of authorities, if any, supporting his position."

On March 27, 1962, a pre-trial order was entered (Document No. 15) containing the following language:

> "Plaintiffs' counsel shall, within ten (10) days, file with the Pre-trial Judge, a memorandum of authorities relied on to support his contention that the claim of Leonard Sobel meets the jurisdictional requirement."

On April 5, 1962, a memorandum of law, docketed as Document No. 19, was filed with the court by counsel for plaintiffs. In view of the above circumstances and the following language of the United States Court of Appeals for the Third Circuit, the trial judge pointed out to counsel at the time of the trial that the court had an obligation to examine the question of jurisdiction presented by this case:

> "In any event the court below must determine whether or not there is diversity jurisdiction. We cannot do so on the present record. Jurisdictional questions should be determined as early as possible in a litigation."

See Berkowitz v. Philadelphia Chewing Gum Corporation, 303 F.2d 585, 588 (3rd Cir., 1962).

The United States District Court only has jurisdiction of this case if the amount in controversy is above $10,-000.00.[2] In 1938, the Supreme Court stated:

> "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability

---

1. Special Question 3, as answered by the jury (Document No. 17), read as follows:

   "3. What were the damages suffered by:

   A. Adele Sobel, wife-plaintiff

      \*   \*   \*                               $ 980.00

   B. Leonard Sobel, husband-plaintiff

      [(a) past medical expenses of Adele Sobel, $1092.13; (b) future medical expenses of Adele Sobel resulting from the accident of March 13, 1959, if any; and (c) partial loss of society and services of Adele Sobel from March 13, 1959, to this date]        $1392.13"

---

2. 28 U.S.C.A. § 1332 provides that:

   "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, \* \* \*."

of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. * * * But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845.

■ Plaintiff claims $10,000. damages for expenses incurred, future medical expenses for his wife arising from the accident, and for loss of her society, companionship, services and assistance. From the face of the Complaint, the other pleadings and memoranda, and the evidence adduced at trial, it does not appear that the husband-plaintiff proved more damages or showed more damages than the amount the jury awarded him.[3]

"His good faith in choosing the federal forum is open to challenge not only by resort to the face of his complaint, but by the facts disclosed at trial, and if from either source it is clear that his claim never could have amounted to the sum necessary to give jurisdiction there is no injustice in dismissing the suit."

St. Paul Mercury Indemnity Co. v. Red Cab Co., supra, at 290,[4] 58 S.Ct. at 591.

■ It is not the amount claimed which determines. jurisdiction (even though the husband-plaintiff only claimed $10,000 in the last paragraph of the Complaint), if the unmistakable fact and legal certainty be that plaintiff could not have had any reasonable expectation that he would recover the jurisdictional amount. In such cases, it is the duty of the court to dismiss the case for want of jurisdiction. New York Life Ins. Co. v. Johnson, 255 F. 958, 959 (8th Cir., 1919).[5]

The trial judge does not hold that the husband-plaintiff is guilty of bad faith, but the evidence sur medical expenses, past loss of services and society of his wife, and any such future possible losses, coupled with the attendant expenses he has proved, do not appear with any certainty to be capable of totalling the jurisdictional minimum.

■ The husband-plaintiff's claim is independent and must, by itself, meet the jurisdictional requirement. Such plaintiff argues that, since his claim is derivative from his wife's, it need not meet the jurisdictional requirement but can be added to her claim.[6] This contention is rejected.

Husband-plaintiff relies on the Pennsylvania Rules of Civil Procedure, Rule No. 2228(a), 12 P.S.Appendix, which requires that any claim of the husband as the result of an injury, not resulting in death, to his wife be brought in the same action that the wife brings for the direct injury to her. In interpreting the effect of the above rule on 28 U.S.C.A. § 1332, this court has said that that rule of civil procedure providing for damages to be claimed in one suit is purely procedural and that the causes of action are not merged. The husband's claim

---

3. Husband-plaintiff made no claim that there was any permanent loss of society and services of his wife, who was in the hospital on two occasions for a total period of less than a month, and the verdict of the jury makes clear that the second hospital admission, which was the longer, did not result from the accident.

4. To the same effect, see Vance v. W. A. Vandercook Company (No. 2), 170 U.S.

468, 472, 18 S.Ct. 645, 42 L.Ed. 1111 (1898).

5. Other cases reaching the same conclusion are: Hampton Stave Co. v. Gardner, 154 F. 805 (8th Cir., 1907); Sparks v. England, 113 F.2d 579 (8th Cir., 1940); and McDonald v. Patton, 240 F. 2d 424 (4th Cir., 1957).

6. See plaintiffs' Memorandum of Law filed April 5, 1962 (Document No. 19).

must equal the jurisdictional amount.[7] Four years later, Judge Kraft of this court took extensive pains to point out that the Pennsylvania Rules of Civil Procedure made a procedural change only in enforcing a claim for damages and that there were no substantive changes.[8] This means that there are still two causes of action, as there were at common law, but enforceable together in one action. Under the rule of these two cases (Bell and Anicola), each cause of action must meet the jurisdictional requirements.

In Clark v. Paul Gray, Inc., 306 U.S. 583, at p. 589, 59 S.Ct. 744, 748, 83 L.Ed. 1001 (1939), the court said:

"It is a familiar rule that when several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those amounts cannot be added together to satisfy jurisdictional requirements."[9]

Again, in 1942, the rule was restated:

"Aggregation of plaintiffs' claim cannot be made merely because * * * the plaintiffs have a community of interest, Clark v. Paul Gray, Inc., 306 U.S. 583 [59 S.Ct. 744, 83 L.Ed. 1001]."[10]

Since under the common law and the laws of Pennsylvania this claim of husband-plaintiff is a separate cause of action, it must, as all others, meet the jurisdictional amount required by the Judicial Code. No authority has been cited, nor can any be found, indicating otherwise.

Plaintiff points to Raybould v. Mancini-Fattore Company, 186 F.Supp. 235 (E.D.Mich., S.D., 1960), and also asks that the court follow that case. There a plaintiff was permitted to sue individually and as executor of his wife's estate. even though his claim as executor did not meet the jurisdictional amount. There the same plaintiff had two causes of action against the same defendant, arising from the same incident, but he was suing in two different capacities. The court allowed the suit as executor to continue because of these facts and to save litigation. It should be noted that this case has never been cited nor followed and, also due to its factual differences from this action, cannot be considered authority for the proposition put forward by the plaintiff.

## ORDER

AND NOW, November 9, 1962, IT IS ORDERED that the Judgment entered November 1, 1962 (Document No. 16) in favor of plaintiff Leonard Sobel is VACATED and SET ASIDE, and the Judgment as entered (Document No. 16) is AMENDED to read as follows:

"AND NOW, to wit: November 1st, 1962, in accordance with the Special Verdict of the Jury and the Direction of the Court, it is ORDERED that Judgment be and is hereby entered in favor of Plaintiff Adele Sobel in the sum of Nine Hundred Eighty and 00/100 ($980.00) Dollars, and against the Defendant National Fruit Product Co., Inc., and it is

"FURTHER ORDERED that the Plaintiffs shall pay the costs of the action."

---

7. Anicola v. J. C. Penny Co., 98 F.Supp. 911 (E.D.Pa.1951).

8. Bell v. Mykytiuk, 135 F.Supp. 167, 168 (E.D.Pa.1955).

9. In the Clark case, only one of several plaintiffs met the jurisdictional require-

ment. For the same rule, see also, Colman v. Pitzer, 160 F.Supp. 862, 864 (W.D.Pa.1958).

10. Thomson v. Gaskill, 315 U.S. 442, 447, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942).