Joseph DeLORENZO, David Matz, Louis Solomon, Bernard H. Levmore, and Nathan Schwartzapfel, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.

No. 66 Civ. 956.

United States District Court
S. D. New York.

Sept. 28, 1966.

Shea, Gallop, Climenko & Gould, New York City, for plaintiffs.

Goldstein, Judd. & Gurfein, Wm. M. Moroney, Gen. Counsel, New York City, for defendant.

### MEMORANDUM

TENNEY, District Judge.

Defendant moves herein for an order of this Court dismissing this action on the ground that jurisdiction is lacking because the amount in controversy does not exceed ten thousand dollars ($10,000.00) exclusive of interest and costs. Plaintiffs' amended complaint sets forth five claims for relief.[1] The allegations of these are as follows:

Plaintiffs, all of whom deposited money in the San Francisco National Bank (hereinafter referred to as the "Bank"), seek to recover the insured amounts of their deposits from defendant. Plaintiffs and those for whom they sue deposited approximately $1,300,-000.00 in the Bank between January 2, 1965 and January 22, 1965. On January 22, 1965, the Comptroller of the Currency declared the Bank to be insolvent, and defendant was appointed receiver pursuant to Section 11(c) of the Federal Deposit Insurance Act, 64 Stat. 884 (1950), 12 U.S.C. § 1821(c) (1964).

As alleged in plaintiffs' affidavit in opposition to this motion, for several months prior to the appointment of defendant as receiver the Bank was in substantial financial difficulty as a result of the granting of a series of improvident loans, making it impossible for the Bank to pay maturing deposits as they came due. In the latter part of 1964, a representative of a New York broker, named "Gifts for Thrift", met with representatives of the Bank, the defendant and the Federal Reserve Board, whereby "Gifts for Thrift" was authorized to solicit deposits for the Bank in an attempt to obtain funds to pay maturing deposits and thus keep the Bank open. It is claimed that the Bank agreed to pay a brokerage commission to "Gifts for Thrift" on any deposits obtained.

Returning to the allegations of the amended complaint, plaintiffs claim that the deposits were made through "Gifts for Thrift" prior to the Bank's closing. It is alleged that these deposits were insured by the Federal Deposit Insurance Corporation and that upon demand for payment by plaintiffs, defendant failed to comply with its obligation. Plaintiffs' first three claims for relief all seek a declaration of this Court that the deposits are entitled to insurance and demand payment of said insurance

---

1. The motion was addressed to the original complaint. Both parties have treated the motion as addressed to the amended complaint and the Court will do so as well.

proceeds by the defendant. The fourth claim alleges that defendant participated in a fraudulent scheme in the transaction, and, since the funds are in the custody of defendant as receiver of the Bank, a constructive trust should be impressed upon the funds represented by the deposits. The final claim is that defendant, by its unreasonable and unjustifiable refusal to pay plaintiffs the amounts demanded, is liable for 12½ per cent attorney's fees in accordance with Section 59–a(4) of the New York Insurance Law, McKinney's Consol.Laws, c. 28.[2] Jurisdiction of this Court is based on Section 9 of the Federal Deposit Insurance Act, 64 Stat. 881 (1950), 12 U.S.C. § 1819 (1964),[3] and 28 U.S.C. § 1346 (1964).[4] The amounts claimed by the named plaintiffs were deposited in approximately sixty separate accounts in the sum of approximately $565,000.00.

On July 21, 1966, pursuant to stipulations of the parties, I ordered the dismissal of this action with prejudice as it related to plaintiffs Matz, Solomon, Wolfson and Schwartzapfel. In addition, the action was dismissed as to certain of the DeLorenzo claims. On July 25, 1966, also pursuant to stipulation, I dismissed the action with prejudice as to the Levmore accounts. The reason for these dismissals was a finding by the Federal Deposit Insurance Corporation that these accounts were held in a separate right or interest and therefore entitled to the payment of a maximum of $10,000 on each account. Remaining before the Court are seven accounts entitled "Joseph A. DeLorenzo, Trustee for Laundercoin Sales Corp. Tr. A/C #1–7."

Defendant claims that this Court has no jurisdiction because the amount in controversy does not exceed ten thousand dollars ($10,000.00) exclusive of interest and costs as required by 28 U.S.C. § 1331(a) (1964). It is defendant's contention that plaintiffs, by aggregating their several claims so as to exceed $10,000.00, cannot confer jurisdiction on this Court. Defendant argues that plaintiffs' action amounts only to a so-called "spurious" class action under Rule 23(a) (3) of the Federal Rules of Civil Procedure,[5]

---

2. New York Ins. Law, § 59–a(4) provides:
    In any action against an unauthorized foreign or alien insurer upon a contract of insurance issued or delivered in this state to a resident thereof * * * if the insurer has failed for thirty days after demand prior to the commencement of the action to make payment in accordance with the terms of the contract, and it appears to the court that such refusal was vexatious and without reasonable cause, the court may allow to the plaintiff a reasonable attorney's fee and include such fee in any judgment that may be rendered in such action. * * *
    Whether defendant falls within the definition of this statute need not be discussed herein since, as decided infra, plaintiff withstands defendant's motion to dismiss on other grounds. Where a state statute provides for recovery of attorney's fees as part of plaintiff's claim, the amount is includable in satisfying the jurisdictional amount requirement. Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933); Crescent Lumber & Shingle Co. v. Rotherum, 218 F.2d 638 (5th Cir. 1955).

3. This statute allows the Federal Deposit Ins. Corp. to sue or be sued in the State or Federal courts. Of course, no Federal jurisdiction can be based on this provision unless the matter in controversy exceeds the sum or value of $10,000.00 exclusive of interest or costs as required by 28 U.S.C. § 1331(a) (1964). This is the major issue presented by defendant's motion.

4. This section deals with the jurisdiction of the Federal District Courts where the United States is a defendant. No decision is reached as to the inclusion of the Federal Deposit Insurance Corporation within the term "United States" since, as will be discussed infra, jurisdiction is clearly present under 12 U.S.C. § 1819 and 28 U.S.C. § 1331(a).

5. In ordering the dismissal as to most of the claims involved herein (pursuant to the July 1966 stipulations), I found at that time that this action amounted to a spurious class action.
    Although Rule 23 of the Federal Rules has been amended as of July 1, 1966, it would appear that defendant's reasoning as to aggregation in a spurious class action is still valid.

and that in such an action the claims of the several plaintiffs cannot be aggregated. Indeed, there is ample authority for this contention.[6] Defendant goes on to great lengths to prove this principle and, in so doing, practically sloughs off the central issue presented to the Court: Whether *each individual plaintiff* can aggregate *his claims* to satisfy the jurisdictional amount.

■■ It is well settled that where plaintiff, by stipulation, affidavit or amended pleading, reduces his claim below the requisite jurisdictional amount, the district court is not deprived of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Stated in other terms, events subsequent to the filing of the complaint which reduce the amount recoverable will not affect Federal jurisdiction that has been initially properly invoked. United Steelworkers v. International Tel. & Tel. Corp., 133 F.Supp. 602, 604 (D.Minn.1955); Loveless Mfg. Co. v. Roadway Exp., Inc., 104 F.Supp. 809, 811 (N.D.Okla.1952); 1 Barron & Holtzoff, Federal Practice & Procedure § 24, at 119 (Wright ed. 1960).

■ Under Rule 18(a) of the Federal Rules of Civil Procedure (as amended July 1, 1966), a plaintiff may join as many claims—either legal, equitable or maritime—as he may have against his adversary. See generally 2 Barron & Holtzoff, op. cit. supra § 504, at 74. A plaintiff may aggregate all his claims against a defendant to fulfill the Federal jurisdictional monetary requirement. Alberty v. Western Sur. Co., 249 F.2d 537 (10th Cir. 1957); Kimel v. Missouri State Life Ins. Co., 71 F.2d 921 (10th Cir. 1934); Snyder v. Wylie, 239 F.Supp. 999 (W.D.N.C.1965); Cooper v. Camp Pinecrest, Inc., 175 F.Supp. 817 (E.D.

N.Y.1959); McKnight v. Halliburton Oil Well Cementing Co., 20 F.R.D. 563 (N.D. W.Va.1957); Johnston v. Oregon Elec. Ry., 145 F.Supp. 143 (D.Or.1956); Green v. Fluor Corp., 122 F.Supp. 224 (S.D. N.Y.1954); Louisville & N. R. R. v. United States, 106 F.Supp. 999 (W.D.Ky. 1952), aff'd, 221 F.2d 698 (6th Cir. 1955); 2 Barron & Holtzoff, op. cit. supra § 503, at 74. See Crawford v. Neal, 144 U.S. 585, 12 S.Ct. 759, 36 L.Ed. 552 (1892).

■ It should be noted that although the party alleging compliance with the jurisdictional prerequisites of the district courts has the burden of proving them (McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)), only if it appears from the face of the pleadings *to a legal certainty* that plaintiff cannot recover the jurisdictional amount will the suit be dismissed. St. Paul Mercury Indem. Co. v. Red Cab Co., supra, 303 U.S. at 289, 58 S.Ct. 586; Indiana Limestone Co. v. Branna Constr. Corp., 252 F.Supp. 959 (W.D.Pa.1966). Keeping this in mind, the pertinent statutory provision should be considered.

Section 3(m) of the Federal Deposit Insurance Act, 64 Stat. 875 (1950), as amended, 12 U.S.C. § 1813(m) (1964) provides:

(m) The term "insured deposit" means the net amount due to any depositor for deposits in an insured bank * * * less any part thereof which is in excess of $10,000. * * * [I]n determining the amount due to any depositor there shall be added together all deposits in the bank maintained *in the same capacity and the same right for his benefit either in his own name or in the names of others * * *.* (Emphasis added.)

---

6. Pinel v. Pinel, 240 U.S. 594, 596, 36 S. Ct. 416, 60 L.Ed. 817 (1916); Fuller v. Volk, 351 F.2d 323, 327 (3d Cir. 1965); Knowles v. War Damage Corp., 83 U.S. App.D.C. 388, 171 F.2d 15, 19 (1948), cert. denied, 336 U.S. 914, 69 S.Ct. 604, 93 L.Ed. 1077 (1949); Matlaw Corp. v. War Damage Corp., 164 F.2d 281, 283

(7th Cir. 1947), cert. denied, 333 U.S. 863, 68 S.Ct. 744, 92 L.Ed. 1142 (1948); California Apparel Creators v. Wieder of Calif., Inc., 162 F.2d 893, 897, 174 A.L.R. 481 (2d Cir.), cert. denied, 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393 (1947); Smith v. Abbate, 201 F.Supp. 105, 109 (S.D.N.Y. 1961).

Four of the accounts originally before the Court were entitled as follows:

#1351—Joseph A. DeLorenzo

#1355—Joseph A. DeLorenzo or Johnny DeLorenzo

#1356—Joseph A. DeLorenzo or Lisa DeLorenzo

#1357—Joseph A. DeLorenzo or Victoria DeLorenzo

These accounts are clearly not held in the same capacity or same right and therefore cannot be limited to the ten thousand dollar ($10,000.00) maximum. See Federal Deposit Ins. Corp. v. Casady, 106 F.2d 784 (10th Cir. 1939); Phair v. Federal Deposit Ins. Corp., 74 F.Supp. 693 (D.N.J.1947); Billings County v. Federal Deposit Ins. Corp., 71 F.Supp. 696 (D.N.D.1947), modified on other grounds, 168 F.2d 452 (8th Cir. 1948). This conclusion is supported by a pamphlet published by defendant, dated September 1, 1964, which states that bank deposits in an individual account and in joint accounts are deemed to be held in different rights or capacities.[7] Under Rule 18(a) of the Federal Rules of Civil Procedure, a plaintiff can clearly join claims for relief held in different rights.

Since the Court had jurisdiction of the action at the outset, as here-inbefore stated, the subsequent partial dismissal cannot defeat jurisdiction initially properly invoked. Defendant's contention that plaintiff DeLorenzo's claims as trustee cannot be joined with his individual claims is without merit. A plaintiff may join claims held in different capacities to avoid a division of litigation between two courts.[8] Raybould v. Mancini-Fattore Co., 186 F.Supp. 235, 236 (E.D.Mich.1960). But cf. Sobel v. National Fruit Prod. Co., 213 F.Supp. 564 (E.D.Pa.1962). Compare Borror v. Sharon Steel Co., 327 F.2d 165 (3d Cir. 1964). Accordingly, I find that plaintiffs' first three claims for relief satisfactorily allege claims in excess of ten thousand dollars, and defendant's motion as to these claims is denied. This is not to be interpreted as a holding that each of the trust accounts held by DeLorenzo and still before the Court are each held in a separate right or capacity and therefore are entitled to the maximum insurance on each account.

As to plaintiffs' fourth claim for relief, plaintiffs sue the defendant as the receiver of the Bank. Where the Federal Deposit Insurance Corporation acts as receiver of a national bank, suit against it should be commenced in the same manner and in the same jurisdiction as if it were the national bank. Cf.

---

**7.** Defendant's attorney originally argued that plaintiffs did not satisfy the requirements of the above mentioned pamphlet because the DeLorenzo accounts (and similarly the accounts of the other plaintiffs which were held in various individual and joint accounts) did not specify a right of survivorship as to the joint accounts. It is interesting to note in this connection that in a letter addressed to the Court and signed by defendant's attorney, dated July 21, 1966 (accompanying the aforementioned stipulations for partial dismissal), it was stated that,

Since the argument of the motion, Federal Deposit Insurance Corporation * * * has determined that substantially all of [the claims] may be regarded as held in a separate right or capacity, and therefore are entitled to the benefit of deposit insurance to the extent of the maximum of $10,000 each * * *.

It is thus apparent that defendant has abandoned its earlier position.

The use of four DeLorenzo claims to establish the jurisdiction of the Court is purely illustrative. It should not be interpreted as a finding that only DeLorenzo had both joint and individual accounts before the Court; all of the other plaintiffs (except Levmore) had opened accounts in the same manner as DeLorenzo. Accordingly, each plaintiff could aggregate *his* claims to give this Court jurisdiction over each one, respectively.

**8.** No decision is reached herein as to the question of whether plaintiff DeLorenzo's individual claims can be aggregated with his representative claims to obtain the requisite jurisdictional amount. Since I take the position that the claims in the individual capacity represent a sufficient monetary amount to give this Court jurisdiction, any discussion of the posed question is irrelevant.

**198**

Freeling v. Sebring, 296 F.2d 244 (10th Cir. 1961). Rev.Stat. § 5198 (1875), 12 U.S.C. § 94 (1964), provides that venue in an action against the bank is limited to the district, county or city in which said bank is located. Since the receiver will stand in the shoes of the bank, venue must be restricted to the court fulfilling the requirements of this section—the Northern District of California. Plaintiffs' contention that this Court would have jurisdiction under the doctrine of pendant jurisdiction is irrelevant; even though jurisdiction may possibly be obtained, this still does not mean that the venue requirement has been complied with. Accordingly, plaintiffs' fourth claim for relief is dismissed without prejudice to the bringing of an action based on this claim in the proper court.

Since jurisdiction has been alleged sufficiently in the first three claims, no decision is reached as to the merits of plaintiffs' fifth claim for attorney's fees.

The motions are disposed of as noted above.

It is so ordered.