Christopher C. SINGLETON, Individually and as next friend of Gene R. Singleton, et al., Plaintiffs,

v.

AIRCO, INC., a Delaware Corporation and Burroughs-Wellcome Company, Inc., a North Carolina Corporation, Defendants.

Christopher C. SINGLETON, as Administrator of the Estate of Elizabeth Singleton, Deceased, Plaintiff,

v.

AIRCO, INC., a Delaware Corporation and Burroughs-Wellcome Company, Inc., a North Carolina Corporation, Defendants.

Civ. A. Nos. CV478–175, CV478–176.

United States District Court,
D. Georgia.

Nov. 20, 1978.

Stanley M. Karsman, Timothy F. Callaway, III, Karsman, Brooks & Doremus, Savannah, Ga., for plaintiffs.

Malberry Smith, Jr., Corish & Smith, Charles Rippin, Adams, Adams, Brennan & Gardner, Savannah, Ga., for defendants.

## ORDER ON MOTION TO DISMISS FILED BY AIRCO, INC. AND BURROUGHS–WELLCOME COMPANY, INC.

LAWRENCE, Senior District Judge.

Plaintiff filed these two actions on July 14, 1978, against several defendants, one for the wrongful death of his wife in 1977 during an operation performed at the Bulloch County Hospital in Statesboro, Georgia, and the other for conscious pain and suffering. The complaints alleged that death was the result of hyperthermia[1] caused by the use of the anesthetic and muscle relaxing drugs respectively manufactured or marketed by Airco and Burroughs-Wellcome. Both are non-resident corporations. The surgeon, the nurse anesthetist and the Hospital were sued as joint defendants in the two actions.

Violation by the defendants of the federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. was alleged. The drug manufacturers were charged with distributing and advertising their respective products without furnishing adequate warnings to physicians and anesthetists concerning the hazard of the use in combination of anecdine (a Burroughs-Wellcome product) and Ethrane (Airco's) where a patient has a genetic susceptibility to hyperthermia.

Jurisdiction as to the drug companies was predicated on diversity of citizenship. In the case of the resident defendants, plaintiff apparently relied on the federal Food, Drug, and Cosmetic Act which, it was contended, confers a private right of action based on a violation of that statute. However, jurisdiction over the local defendants seems to have been mainly predicated on the theory that since there is diversity jurisdiction as to the drug companies this Court possesses pendent jurisdiction as to the Georgia defendants for common law negligence.

At the argument on September 8th counsel for plaintiff conceded that no right exists under the food and drug statute to institute a private action. His attorneys announced their intention to voluntarily dismiss the complaint in this Court as to the resident defendants and to bring a separate state court action against the surgeon, hospital and anesthetist in Bulloch County where they were located or resided. It was to be based on common law negligence.[2] Subsequently and before defendants pleaded to the merits, plaintiff voluntarily dismissed the complaint as to the Georgia defendants as authorized under Rule 41(a). This left the action in this Court with only two defendants, Airco and Burroughs-Wellcome, the drug manufacturers.

Pursuant to my suggestion that the complaint be recast in the light of developments, counsel have done so. I may add that counsel did so in no less than 24 pages of allegations in the complaint plus 12 pages of lengthy exhibits. Cf. Rule 8(e): "Each averment of a pleading shall be simple, concise, and direct."

The non-resident defendants objected to the dismissal of the Bulloch County residents. This Court stated that briefs could be presented as to that issue.

Airco and Burroughs-Wellcome have moved to dismiss the amended action because of the absence of indispensable parties. Oral argument was heard on November 17th. Both sides have filed briefs directed to the issue of the effect of failure to

---

1. A condition characterized by abnormally high temperature.

2. Such an action has not been brought in the state courts to date.

join the resident defendants in the complaint as amended. Civil Rule 19(a) provides that a person shall be joined as a party in the action if complete relief cannot otherwise be afforded the parties, or if his absence may impair his ability to protect his own interest, or will leave the parties already in the suit with a substantial risk of double or multiple damages or inconsistent obligations on the part of the defendants left in the case.[3]

In resisting the motions of the non-resident defendants to dismiss, plaintiff does a volte-face. After the original complaint was filed, there were motions by the defendants to strike the pendent jurisdiction claims which were based on the statutory and common law of Georgia. In support of that claim, plaintiff's counsel stated in their brief:

". . . the claims that Plaintiffs have asserted against all Defendants do arise out of a common nucleus of operative fact so that the resolution of Plaintiffs' claims with respect to any one Defendant logically and necessarily involves consideration of Plaintiffs' claims against all other Defendants."

". . . consideration of the factual and legal issues presented in any one claim will involve substantial determination of the issues presented by the other claims. Plaintiffs' claims are intertwined. . . ."

The original complaint alleges that "The acts of which Plaintiff complains were performed by and involved all named defendants in a common nucleus of operative fact, so the plaintiff should try his cause against all defendants in a single action to further the policies embodied in the Federal Statute, to promote judicial economy and to avoid possibly inconsistent results. . ." It was further alleged that the tortious acts

of the defendants combined, jointly and concurrently, to proximately cause the death of plaintiff's decedent. There is no cleansing agent strong enough to remove the effect of these representations on the matter of indispensable parties.

The long and short of things is that the respective claims against the manufacturers and against the surgeon, the anesthetist and the Bulloch County Hospital Authority are inextricably intertwined. The position first taken by plaintiff and that now assumed by counsel are as opposite as the Septentrion and the Southern Cross. I am of the opinion that, if a separate action should be filed in the Superior Court, the allegations will indubitably show that the respective claims are very much convoluted.

Plaintiff insists that no estoppel exists in view of Rule 8(e)(2) which provides that a party may set forth two or more statements of a claim, regardless of consistency. I do not think that the allegations amount to an estoppel in respect to change of plaintiff's legal position. I have reference to their effect on the claim that the resident defendants are dispensable parties to the pending action against Airco and Burroughs-Wellcome. The presence in this case of the local defendants as defendants destroys diversity jurisdiction. The inability to make a person a party is dealt with in Rule 19(b). In determining whether a court should dismiss or proceed with the actions it must consider four factors: (1) prejudice through a person's absence as a party; (2) the extent to which by shaping relief any prejudice can be lessened or avoided; (3) whether a judgment rendered in a person's absence as a party will be adequate, and (4) whether plaintiff will have an adequate remedy should the action be dismissed for nonjoinder.

---

3. "(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of

the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. . . ."

██ Rule 19(b) represents an attempt to determine indispensability by a balancing of the rights of all concerned. 34A *Moore's Federal Practice* § 19.07–2 [1]–[4]; *Kamhi v. Cohen,* 512 F.2d 1051, 1054 (2nd Cir.). The Rule allows consideration on a case to case basis of the indispensable party problem. *Provident Tradesmens Bank and Trust Co. v. Patterson,* 390 U.S. 102, 118–119, 88 S.Ct. 733, 19 L.Ed.2d 936. Pragmatism and not legalism is what counts. *Levitt and Sons, Inc. v. Swirnow,* 58 F.R.D. 524, 530 (D.Md.); *Broussard v. Columbia Gulf Transmission Company,* 398 F.2d 885, 888 (5th Cir.). Rule 19 looks to the conclusion of "a particular dispute in one forum, at one time." *Terrebonne Land Development Corporation v. Superior Oil Company,* 65 F.R.D. 375, 378 (E.D.La.). "Legal controversies should be settled, when possible, in whole and not through multiple litigation." *Federal Resources Corporation v. Shoni Uranium Corporation,* 408 F.2d 875, 878 (10th Cir.).

To permit this case to be severed into two separate actions in two different jurisdictions will involve multiple litigation of the identical primary issues. If the two drug manufacturers gave adequate warning to users as to hazards connected with the anesthetic use of the drugs in combination, there would be no liability on their part in the federal action. Such issue would have to be retried in the state court in determining the liability of the surgeon, hospital and anesthetist. In theory each set of defendants would have to try one case. In practice, each would have to monitor the other trial in order to protect its own interest in the outcome.

Duplication of discovery would be necessary. The cost of the litigation would be substantially increased if tried piecemeal rather than at one time. All of these considerations affect the private interests of the parties as well as that of the public in "efficient, noncompetitive litigation." *Ranger Insurance Company v. United Housing of New Mexico, Inc.,* 488 F.2d 682, 684 (5th Cir.).

One of the guideposts established by Rule 19(b) is the factor of the existence of an adequate remedy by plaintiff in the event of dismissal for nonjoinder. Here, no impediment, jurisdictional or otherwise, prevents plaintiff from bringing suit against all of the defendants in a single action in Bulloch Superior Court.[4] The plaintiff resides in that county. So do three of the five defendants as do a number of witnesses. The hospital and medical records are kept at Statesboro.

██ The equities of the case, the facts and the law point in but one direction. The Georgia defendants are indispensable parties. They have been voluntarily dismissed by the plaintiff. However, they cannot be sued in federal court without destroying diversity. All the defendants can be jointly sued in the Superior Court of Bulloch County. That is where the suit should have been instituted in the first place. See *Read v. Phillips Petroleum Company,* 441 F.Supp. 1184, 1187 (E.D.La.).

To permit the action against Airco and Burroughs-Wellcome to proceed at Savannah with the avowed intention of counsel to sue the resident defendants in the State courts would be to permit manipulation of federal jurisdiction contrary to the interests of the public as well as the drug manufacturers.

Counsel have not referred this Court to a case with the same factual situation involved here. The district court decision in *Johnston v. Oregon Electric Railway Company,* 145 F.Supp. 143 (D.Or.) strikes within the circle but does not hit the bull's eye. In moving for dismissal on the ground of lack of indispensable parties counsel for the drug manufacturers also cite *Evergreen*

---

4. Two separate actions were filed by plaintiff in this Court, one by the surviving husband and children of the deceased for wrongful death and the other by the husband·as administrator for his wife's conscious pain and suffering. Under Rule 18(a), F.R.Civ.P. both claims could have been joined in a single action. See *DeLorenzo v. Federal Deposit Insurance Corporation,* 259 F.Supp. 193, 197 (S.D.N.Y.). The Georgia Rule is identical to 18(a). See Ga.Code Ann. § 81A–118(a).

*Park Nursing and Convalescent Home, Inc. v. American Equitable Assurance Co.,* 417 F.2d 1113 (7th Cir.) and *Gottlieb v. Vaicek,* 69 F.R.D. 672 (N.D.Ill.), aff'd, 544 F.2d 523 (7th Cir.). The reply brief of the attorneys for the plaintiff does no more than endeavor to distinguish *Johnston v. Oregon Electric Railway Company* other than to blandly assert that the *interest of the plaintiff* in choosing the forum is a paramount consideration in determining indispensability of a party.

Since this Court finds that the dismissed defendants are essential parties, it follows that under all the facts and circumstances of the case the action against Airco and Burroughs-Wellcome must be dismissed. The dismissal will be without prejudice.

Judgment will be entered in accordance with this Opinion.